IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MAXUM INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| NOONAN & LIEBERMAN, LTD., ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, Maxum Indemnity Company ("Maxum"), by and through its attorneys, Tressler LLP, and for its complaint against Defendant, Noonan & Lieberman, Ltd. ("N&L"), states as follows:

### Statement of the Case

1. In this action, Maxum seeks damages for injuries caused by N&L's professional negligence during the course of and subsequent to a lawsuit styled *Stewart Title Guar. Co. v. Residential Title Servs., Inc., et. al*., No. 05 C 1197 (U.S. Dist. Court for the Eastern District of Wisconsin) (the "Wisconsin Action"). N&L's acts of professional negligence in the Wisconsin Action resulted in the entry of a judgment in the amount of $234,479.90 against Maxum (the Judgment") and the filing of a lawsuit styled *Stewart Title Guar. Co. v. Maxum Indem. Co*., No. 2010 CV 188741 (Superior Court of Fulton County, Georgia) (the "Georgia Collection Action") against Maxum. Because of N&L's professional negligence, Maxum has been required to satisfy the Judgment and incur attorneys' fees and other expenses in connection with the Georgia Collection Action.

**Jurisdiction and Venue**

2.      This court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff and defendant and the amount in controversy exceeds $75,000.

3.      Maxum is a corporation organized under the laws of Delaware with its principal place of business in Georgia.

4.      N&L is a corporation organized under the laws of Illinois with its principal place of business in Illinois.

5.      The amount in controversy exceeds $75,000, as the damages Maxum seeks from N&L include reimbursement for the satisfaction of the Judgment that was entered as a result of N&L's professional negligence.

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Maxum's claim occurred during the course of N&L's representation of Maxum in the Wisconsin Action.

**The Wisconsin Action**

7.      On or about November 15, 2005, Stewart Title Guaranty Company ("Stewart Title") filed the Wisconsin Action against Residential Title Services, Inc. ("RTS") and Maxum. Stewart named Maxum as a defendant in the Wisconsin Action pursuant to Wis. Stat. § 803.04(2).

8.      In the Wisconsin Action, Stewart Title asserted two claims: breach of contract against RTS (Count I) and breach of contract against Maxum (Count II). A true and correct copy of the complaint filed in the Wisconsin Action is attached as Exhibit A.

9. The Wisconsin Action was based upon alleged breach of a Title Insurance Underwriting Agreement by RTS. Specifically, the Wisconsin Action was based upon RTS's failure to conduct a title search and issue a report reflecting the correct status of the titles to two particular parcels of real estate as of the date that Stewart issued a lender's policy of title insurance to BNC Mortgage, Inc, as required by the Title Insurance Underwriting Agreement between Stewart Title and RTS.

10. Before filing the Wisconsin Action, Stewart Title sent a letter to Maxum on or about September 20, 2005 which purported to make a claim for insurance coverage based upon RTS's failure to perform its contractual responsibilities under a Professional Liability insurance policy, number PFP 6001670-02 (the "Policy"), that Maxum had issued to RTS. True and correct copies of September 20, 2005 letter from Stewart Title to Maxum and the Policy are attached as Exhibits B and C, respectively.

11. Notwithstanding Stewart Title's September 20, 2005 letter, on or about December 2, 2005, RTS, through N&L, waived its right to coverage in connection with the Wisconsin Action in an email. In the December 2, 2005 email, RTS stated that it would defend the Wisconsin Action and "[would] not look to Maxum to contribute to the cost of defense [in the Wisconsin Action] or to satisfy a judgment or claim [associated with the Wisconsin Action]." The email also stated that RTS, through N&L, would defend and indemnify Maxum in connection with the Wisconsin Action. A true and correct copy of the email sent from N&L on behalf of RTS to Maxum on December 2, 2005 is attached as Exhibit D.

12. On December 5, 2005, Maxum acknowledged RTS's waiver of its right to coverage in connection with the Wisconsin Action in a letter written to N&L. Maxum also acknowledged RTS's agreement, through N&L, to represent it in connection with the Wisconsin

Action. A true and correct copy of the December 5, 2010 letter from Maxum to N&L is attached as Exhibit E.

13. As a result of the December 2, 2005, email, N&L represented both Maxum and RTS in the Wisconsin Action.

14. On or about December 5, 2005, N&L filed an answer in the Wisconsin Action on behalf of RTS and Maxum. A true and correct copy of the electronic docket associated with the Wisconsin Action is attached as Exhibit F.

15. On or about December 6, 2005, James Noonan, Ralph Wutscher and Mitchell Lieberman, each then attorneys at N&L, filed appearances on behalf of RTS and Maxum in the Wisconsin Action. *See* Exhibit F

16. At no time during the course of the Wisconsin Action did N&L seek to resolve any insurance coverage issues relating to the claims asserted against RTS in the Wisconsin Action on Maxum's behalf. Specifically, it never sought a determination from any court confirming that Maxum had not breached its policy or that it had no duty to defend or duty to indemnify RTS in connection with the Wisconsin Action.

17. As evidenced by the insured's waiver of coverage, Maxum did not owe a duty to defend or a duty to indemnify for the Wisconsin Action under the terms of the Policy. Such duties were barred by certain policy provisions, including but not limited to the exclusion for claims for breach of contract (Exclusion 2.D) and the endorsement labeled Title Abstractors, Title Insurance Agents, Settlement, Escrow and Closing Agents Additional Exclusions.

18. On or about February 2, 2006, N&L filed a third-party complaint against Misook Choi Kim ("Kim") on behalf of RTS and not Maxum. *See* Exhibit F

4

19. N&L later filed a motion for entry of default against Kim on behalf of RTS and not Maxum on or about April 25, 2006. *See* Exhibit F

20. RTS's motion for entry of default against Kim was entered by the Clerk of the United States District Court for the Eastern District of Wisconsin on or about April 26, 2006. *See* Exhibit F.

21. After RTS's motion for entry of default was entered, on or about November 17, 2006, N&L represented to Maxum in an email that a settlement agreement had been reached in the Wisconsin Action. The November 17, 2006 email stated that

> "We will be taking judgment against the third party defendant, Misook Kim in the full amount of the claim brought by Stewart Title. Once judgment is entered, we will then assign this judgment to Stewart Title. We would then obtain an order of dismissal. Currently, [N&L is] working with counsel from Stewart Title to have the judgment entered. [N&L] hope[s] to have this file in a position to close out/dismissal order within 30 days."

A true and correct copy of the November 17, 2006 email from N&L to Maxum is attached as Exhibit G

22. N&L later filed a motion for judgment against Kim on behalf of RTS and not Maxum on or about February 2, 2007. *See* Exhibit F.

23. Maxum later sent an email to N&L on or about March 12, 2007 inquiring about the status of the dismissal order. N&L responded the same day and told Maxum that "[it was] merely waiting for the Judge to enter an order [of dismissal]." A true and correct copy of the March 12, 2007 correspondence between Maxum and N&L is attached as Exhibit H.

24. RTS's motion for judgment against Kim was denied without prejudice on or about May 1, 2007. *See* Exhibit F

25. N&L never informed Maxum that RTS's motion for judgment against Kim was denied.

26. Unaware that RTS's motion for judgment against Kim had been denied, Maxum sent an email to N&L on or about August 24, 2007 asking whether the motion had been granted. A true and correct copy of the August 24, 2007 email from Maxum to N&L is attached as Exhibit I.

27. N&L did not respond to the August 24, 2007 email from Maxum.

28. Still unaware that RTS's motion for judgment against Kim had been denied, Maxum sent N&L another email on or about December 17, 2007 asking whether the court had entered a dismissal order in the Wisconsin Action. A true and correct copy of the December 17, 2007 email is attached as Exhibit J.

29. N&L did not respond to the December 17, 2007 email from Maxum.

30. The settlement agreement referenced in N&L's November 17, 2006 email to Maxum was never finalized. On or about March 3, 2008, Stewart Title filed a motion for summary judgment against Residential and Maxum. *See* Exhibit F.

31. N&L never informed Maxum that a motion for summary judgment had been filed against it.

32. Nevertheless, on or about June 6, 2008, N&L responded to Stewart Title's motion for summary judgment on behalf of RTS and Maxum. *See* Exhibit F

33. Later on or about March 27, 2009, the court granted Stewart Title's motion for summary judgment against RTS and Maxum. *See* Exhibit F.

34. N&L never informed Maxum that Stewart Title's motion for summary judgment had been granted.

35. On or about April 3, 2009, Stewart Title proceeded to file a motion for the entry of judgment in the Wisconsin Action, and on or about September 21, 2009, the court entered a judgment in the amount of $234,479.90 against RTS and Maxum. *See* Exhibit F. A true and correct copy of the judgment entered against Maxum is attached as Exhibit K.

36. N&L never informed Maxum that the motion for the entry of judgment had been filed, and N&L never informed Maxum that the motion was granted. As a result, Maxum was unaware that a judgment in the amount of $234,479.90 had been entered against it in connection with the Wisconsin Action.

37. N&L never consulted with Maxum to determine whether Maxum desired to appeal the court's decision to grant Stewart Title's motion for summary judgment in the Wisconsin Action.

38. No appeal was filed in connection with the Wisconsin Action

39. On November 20, 2009, RTS filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code.

40. N&L never informed Maxum that RTS had filed for bankruptcy.

## The Georgia Collection Action

41. On or about July 1, 2010, Stewart Title propounded certain post-judgment discovery requests upon Maxum. Before it received these post-judgment discovery requests, Maxum was unaware that a judgment had been entered against it in the Wisconsin Action. Copies of the post-judgment discovery requests are attached as Group Exhibit L.

42. On July 21, 2010, Stewart Title filed the Georgia Collection Action in the Superior Court of Fulton County. A copy of the petition filed in the Georgia Collection Action is attached as Exhibit M.

43. Maxum resolved the Georgia Collection Action by paying $225,000 to Stewart Title in full satisfaction of the judgment in the Wisconsin Action. A copy of the Satisfaction of Judgment is attached hereto as Exhibit N. Maxum incurred attorneys' fees and other expenses during the course of defending and resolving the Georgia Collection Action.

### Count I – Negligence

44. Maxum repeats and realleges Counts 1 through 43 as is stated fully herein.

45. As Maxum's attorneys in the Wisconsin Action, N&L had a duty and professional obligation to zealously represent Maxum's best interests and mount an independent defense of Maxum's interests throughout the Wisconsin Action.

46. N&L breached that duty and professional obligation by committing one or more of the following negligent acts during the course of and subsequent to the Wisconsin Action:

   a. Failing to recognize and properly address the conflict of interest which arose out of dual representation of both RTS and Maxum;

   b. Failing to mount an independent defense of Maxum's interests;

   c. Failing to have Maxum's valid insurance coverage defenses associated with the claims asserted against RTS in the Wisconsin Action resolved by a court prior to the resolution of the liability issues in the Wisconsin Action as required under Wisconsin law;

   d. Failing to inform Maxum that a motion for summary judgment had been filed against it by Stewart Title;

   e. Failing to inform Maxum that Stewart Title's motion for summary judgment was granted by the court;

   f. Failing to inform Maxum that a judgment in the amount of $234,479.90 had been entered against it;

   g. Failing to consult with Maxum regarding to its intent to appeal the court's decision to grant Stewart Title's motion for summary judgment;

  h. Failing to appeal the court's decision to grant Stewart Title's motion for summary judgment; and

  i. Failing to inform Maxum that RTS, its insured and codefendant in the Wisconsin Action, had become insolvent and filed for bankruptcy.

  47. N&L's breach of the duties and professional obligations it owed to Maxum as its attorney during the course of the Wisconsin Action caused a judgment to be entered against Maxum in the Wisconsin Action.

  48. N&L's breach of the duties and professional obligations it owed to Maxum as its attorney subsequent to the entry of the judgment in the Wisconsin Action caused the Georgia Collection Action to be filed against Maxum.

  49. Because of N&L's negligent actions, Maxum has suffered damages in that it has been required to satisfy the judgment entered against it in the Wisconsin Action, including post-judgment interest, and has incurred attorneys' fees and other expenses during the course of the Georgia Collection Action.

  50. But for N&L's negligence, Maxum would not have been required to satisfy the judgment because, as admitted by its policyholder, the Maxum policy did not provide coverage for the claim asserted by Stewart Title.

  WHEREFORE, Plaintiff Maxum Indemnity Company seeks judgment in its favor and against Defendant Noonan & Lieberman, Ltd. as follows:

  A. Awarding Maxum $225,000 for damages associated with the injuries Maxum suffered by satisfying the judgment entered against it in the Wisconsin Action because of N&L's negligence during the course of the Wisconsin Action;

  B. Awarding Maxum damages equal to the attorneys' fees and expenses Maxum incurred in connection with the Georgia Collection Action;

  C. Awarding Maxum the costs of this lawsuit; and

9

Case 2:11-cv-00014-RTR Filed 01/07/11 Page 9 of 10 Document 1

D. Awarding Maxum any other and further relief that the court deem just.

January 7, 2011　　　　　　　　　　　　　　　Respectfully submitted,

**MAXUM INDEMNITY COMPANY**,

/s/ Richard T. Kienzler
One of its attorneys

Daniel J. Cunningham
Richard T. Kienzler
Tressler LLP
233 South Wacker Drive – 22nd Floor
Chicago, Illinois 60606
(312) 627-4000 (T)
(312) 627-1717 (F)