**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**MAXUM INDEMNITY COMPANY,**

                Plaintiff,

        **-vs-**                                            **Case No. 11-C-14**

**NOONAN & LIEBERMAN, Ltd.,**

                Defendant.

---

## DECISION AND ORDER

---

This is a diversity action for legal malpractice. The defendant, Noonan & Lieberman, Ltd. ("N&L"), represented the plaintiff, Maxum Indemnity Company, in a lawsuit which resulted in a $234,479.90 judgment against Maxum. *Stewart Title Guaranty Co. v. Residential Title Servs., Inc.*, *et al.*, Case No. 05-C-1197 (E.D. Wis.) Maxum now sues N&L for $225,000, the amount it was forced to pay in satisfaction of the judgment, plus costs and fees. In lieu of a responsive pleading, N&L moves for partial summary judgment. For the reasons that follow, this motion is denied.

Maxum is a corporation organized in Delaware with its principal place of business in Georgia. Maxum issued a professional liability "errors and omissions" insurance policy to Residential Title Services, Inc. ("RTS"). RTS was an underwriting agent for Stewart Guaranty Company ("Stewart"). The underwriting agreement authorized RTS to issue title policies on behalf of Stewart.

In Case No. 05-C-1197 (E.D. Wis.) (generally the Wisconsin Action), Stewart alleged that RTS issued a title insurance policy to BNC Mortgage, Inc. for property located in Racine, Wisconsin. Before issuing the policy, RTS performed a title search but failed to update the search prior to issuing a lender's policy. It was later determined that a mortgage on the property was recorded with the Racine County Recorder of Deeds identifying Countrywide Home Loans, Inc. as mortgagee. Following a default by the borrower, Stewart paid Countrywide $194,508.42 to place BNC in the first lien position insured by the Stewart policy. Stewart alleged that the losses sustained by Stewart were covered by the errors and omissions policy issued to RTS by Maxum. Therefore, Stewart alleged that it was entitled to recover directly from Maxum pursuant to Wis. Stat. § 803.04(2).

N&L represented RTS and Maxum in the Wisconsin Action. N&L informed Maxum that RTS waived its right to coverage for the claim asserted by Stewart in the Wisconsin Action. N&L also stated that RTS intended to defend itself against the claim and that RTS "would not look to Maxum to contribute to the cost of defense or to satisfy a judgment or claim." RTS agreed to defend and indemnify Maxum in the Wisconsin Action.

On December 5, 2005, N&L filed an answer on behalf of RTS and Maxum. That answer contained four affirmative defenses, none of which were related to whether the loss sustained by Stewart was covered by the policy Maxum issued to RTS. N&L did not seek bifurcation or attempt to stay liability proceedings.

On January 31, 2006, N&L moved for leave to file a third party complaint against Missok Choi Kim, the owner of the subject property in the Wisconsin Action. N&L filed the

motion on behalf of RTS but not Maxum. The third-party complaint alleged that Kim fraudulently represented to RTS that there were no other encumbrances on the relevant property when, in fact, she allowed another mortgage to become a lien and encumbrance on the property. Kim never answered or appeared in the Wisconsin Action, resulting in a default judgment in favor of RTS, but not Maxum.

On November 17, 2006, N&L represented to Maxum that a possible settlement was reached in the Wisconsin Action. Under the proposed settlement, RTS and Maxum would take a judgment against Kim, and then assign that judgment to Stewart. In turn, RTS and Maxum would obtain an order of dismissal. N&L stated that it hoped to obtain the dismissal order within thirty days. N&L moved for the entry of judgment against Kim on behalf of RTS, not Maxum, and the motion was denied. A settlement was never reached in the Wisconsin Action. N&L did not inform Maxum that the motion for entry of judgment was denied.

On March 3, 2008, Stewart filed a motion for summary judgment against RTS and Maxum. Stewart argued that Maxum was directly liable to Stewart because its claim against RTS was covered under the policy issued by Maxum. N&L did not inform Maxum that a motion for summary judgment was filed against it. N&L responded to Stewart's motion but did not make a coverage argument on Maxum's behalf.

The court granted Stewart's motion for summary judgment against RTS and Maxum. On September 21, 2009, the court entered a $234,479.90 against RTS and Maxum, representing the amount Stewart paid to clear title plus pre-judgment interest. N&L did not

inform Maxum that a judgment was entered against it. N&L did not consult with Maxum about an appeal, and no appeal was taken from the judgment in the Wisconsin Action.

Unable to collect against RTS, Stewart initiated collection proceedings against Maxum in Fulton County, Georgia. Maxum did not learn about the outstanding judgment until it received post-judgment discovery requests in connection with these proceedings. Maxum resolved the collection action by paying Stewart $225,000 to satisfy the judgment in the Wisconsin Action. Maxum incurred attorneys' fees and other expenses in defending and resolving the Georgia collection action.

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must accept as true the evidence of the nonmovant and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate only if, on the record as a whole, a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.*, 320 F.3d 748, 752 (7th Cir. 2003).

To succeed on a legal malpractice claim, the plaintiff must establish (1) the existence of an attorney-client relationship, (2) the attorney's negligence, (3) causation and (4)

damages. *McKnight v. Gingras*, 966 F. Supp. 801, 804 (E.D. Wis. 1997). N&L focuses on the third element, arguing that it did not cause Maxum's damages because Maxum's policy covered Stewart's claims against RTS. Maxum argues that N&L's negligence was the cause of its damages because a reasonable judge would have declared that Maxum owed no coverage obligations to RTS in the Wisconsin Action. *Id.* at 810-12 (to establish causation, a plaintiff must show that a reasonable judge would have ruled in its favor if the attorney had not acted negligently).

Maxum's policy provided claims made coverage for damages RTS became legally obligated to pay because of a negligent act, error or omission in the rendering of or failure to render "professional services." For RTS, those services included title abstraction and acting as an escrow agent. However, the policy includes an exclusion for claims based upon "breach of contract in respect of any agreement to perform 'Professional Services' for a specified fee." N&L argues that this exclusion does not apply because Stewart's claim was actually a negligence claim. Even though Stewart's claim arose due to RTS's "negligent failure to carry out its responsibilities under the Underwriting Agreement," Stewart's claim was still a claim for breach of that agreement. RTS's negligence in conducting the title search formed the basis for its breach of the underwriting agreement. *1325 N. Van Buren, LLC v. T-3 Group, Ltd.*, 716 N.W.2d 822, 839 (Wis. 2006) ("It is entirely possible that one could do a negligent act, which would form the basis for a breach of contract claim. It would be an easy matter to have the insurance policy state that it does not cover facts that arise out of what is a breach of contract . . .").

-5-

In reply, N&L argues that the breach of contract exclusion does not apply because RTS's underwriting agreement was not an agreement to perform Professional Services for a specified fee. The Court cannot grant summary judgment on grounds raised for the first time in a reply brief. *Costello v. Grundon*, 625 F.3d 342, 363-65 (7th Cir. 2010); *Chamberlain Group, Inc. v. Lear Corp.*, 756 F. Supp. 2d 938, 982 (N.D. Ill. 2010).

**IT IS HEREBY ORDERED THAT** N&L's motion for partial summary judgment [D. 8] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2011.

**BY THE COURT**:

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**